**XIU MIN ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–5366–ag.**

United States Court of Appeals, Second Circuit.

May 15, 2006.

Michael Brown, New York, New York, for Petitioner.

Deborah J. Rhodes, United States Attorney for the Southern District of Alabama, David Andrew Sigler, Assistant United States Attorney, Mobile, Alabama., for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xiu Min Zhang, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Alan Vomacka's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, the IJ supported his adverse credibility finding by reference to numerous specific inconsistencies and implausibilities in petitioner's account of her sister's alleged pregnancy and encounter with Chinese family planning officials, petitioner's own treatment when purportedly detained by such officials, and the circumstances of her subsequent departure from China. *See Zhou Yun Zhang v. INS,* 386 F.3d at 74. Further, the IJ explained why petitioner's hearing demeanor only amplified concerns about the veracity of her account. *See id.* at 73. Finally, the IJ cited to an identicality in petitioner's corroborative documentary evidence—both with respect to the language of facts reported and material omissions—to support the conclusion that this evidence, like petitioner's overall claim of persecution, was fabricated. On this record, we cannot conclude that a reasonable adjudicator was compelled to credit petitioner's claim. *See id.* (collecting cases).

In light of the IJ's express finding that petitioner's persecution claim was "invented" and "not based on facts or events that actually occurred in China," IJ Decision at 7, and that certain corroborative documents were "deliberately" fabricated, we identify no error in the IJ's conclusion that petitioner's asylum application was frivolous,[1] within the meaning of 8 C.F.R. § 1208.20.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. We reject the government's argument that Zhang failed to exhaust this claim pursuant to 8 U.S.C. § 1252(d)(1), because she did challenge the IJ's underlying factual findings before the BIA, and aliens are not precluded from making "arguments by extension" in this Court. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).